UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MAINE FOUNDATION,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>      Defendants. | Case No. 2:18-cv-00176-JDL |

## **DEFENDANTS' ANSWER TO COMPLAINT**

Pursuant to 5 U.S.C. § 552(a)(4)(C) and Federal Rule of Civil Procedure 12(a), the U.S. Department of Homeland Security ("DHS") and U.S. Customs and Border Protection ("CBP") (together, "Defendants"), by and through undersigned counsel, hereby answer the Complaint as follows:

### SPECIFIC DENIALS AND RESPONSES

Answering specifically each numbered paragraph of the Complaint, and using the same numbering contained therein, Defendants plead as follows:

1. Paragraph 1 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

2. Defendants admit that Border Patrol agents ran a transportation check at the Bangor Transportation Center on or about January 14, 2018, and boarded a Concord Coach bus, but otherwise lack knowledge or information sufficient to admit or deny the remaining

allegations contained in Paragraph 2 and on that basis deny the same and/or deny the allegations comprising the remainder of Paragraph 2 as inaccurate, unsupported, and/or incomplete.

3. Defendants admit the allegations comprising Paragraph 3 solely to the extent they accurately reflect the document quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

4. Paragraph 4 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

5. Paragraph 5 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

6. Paragraph 6 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

7. Paragraph 7 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

8. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 and on that basis deny the same.

9. Defendants admit that DHS is a department of the Executive Branch of the United States Government, but otherwise deny the remainder of the allegations comprising Paragraph 9 as conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not

allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

10.     Defendants admit that CBP is a component of DHS and that Border Patrol agents are CBP employees, but otherwise deny the remainder of the allegations comprising Paragraph 9 as conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

11.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 and on that basis deny the same.

12.     Paragraph 12 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.  Defendants further deny the allegations comprising Paragraph 12 as inaccurate, unsupported, and/or incomplete.

13.     Defendants admit that Border Patrol agents ran a transportation check at the Bangor Transportation Center on or about January 14, 2018, and boarded a Concord Coach bus, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 13 and on that basis deny the same and/or deny the allegations comprising the remainder of Paragraph 13 as inaccurate, unsupported, and/or incomplete.

14.     Defendants admit that Border Patrol agents ran a transportation check at the Bangor Transportation Center on or about January 14, 2018, and boarded a Concord Coach bus, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 14 and on that basis deny the same and/or deny the

allegations comprising the remainder of Paragraph 14 as inaccurate, unsupported, and/or incomplete.

15. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 15 and on that basis deny the same. Defendants admit the allegations comprising the remainder of Paragraph 15 solely to the extent they accurately reflect the document quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

16. Defendants admit the allegations comprising Paragraph 16 solely to the extent they accurately reflect the documents quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

17. Defendants admit the allegations comprising Paragraph 17 solely to the extent they accurately reflect the documents quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

18. Defendants admit the allegations comprising the first sentence of Paragraph 18 solely to the extent they accurately reflect the document quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.  Defendants deny the allegations comprising the remainder of Paragraph 18 as inaccurate, unsupported, and/or incomplete.

19. Defendants admit the allegations comprising Paragraph 19 and its subparagraphs solely to the extent they accurately reflect the document quoted and/or incorporated by reference

therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

20. Defendants admit the allegations comprising Paragraph 20 solely to the extent they accurately reflect the document quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

21. Defendants admit the allegations comprising Paragraph 21 solely to the extent they accurately reflect the document quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

22. Defendants admit the allegations comprising Paragraph 22 solely to the extent they accurately reflect the document quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

23. Defendants admit the allegations comprising Paragraph 23 solely to the extent they accurately reflect the document quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

24. Defendants admit the allegations comprising Paragraph 24 solely to the extent they accurately reflect the document quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

25. Paragraph 25 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

26. Paragraph 26 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

27. Paragraph 27 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

28. Defendants admit that Defendants have not communicated with Plaintiff concerning the Request, but otherwise deny the remainder of the allegations comprising Paragraph 28 as conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

29. The first sentence of Paragraph 29 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary. Defendants admit the allegations comprising the remainder of Paragraph 29 solely to the extent they accurately reflect the document quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

30. Paragraph 30 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

31. Paragraph 31 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

32. Defendants admit the allegations comprising the first sentence of Paragraph 32 solely to the extent they accurately reflect the document quoted and/or incorporated by reference therein, but otherwise deny such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued. Defendants further deny the allegations comprising Paragraph 32 as conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

33. Defendants admit that Defendants have not communicated with Plaintiff concerning the Request, but otherwise deny the remainder of the allegations comprising Paragraph 33 as conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

34. Paragraph 34 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

35. Defendants reassert and incorporate their answers to paragraphs 1 through 34 of the Complaint.

36. Paragraph 36 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

37. Paragraph 37 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

38. Defendants reassert and incorporate their answers to paragraphs 1 through 37 of the Complaint.

39. Paragraph 39 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

40. Defendants admit that they have gathered some potentially responsive documents in order to review the same, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 40 and on that basis deny the same.

41. Paragraph 41 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

42. Defendants reassert and incorporate their answers to paragraphs 1 through 41 of the Complaint.

43. Paragraph 43 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

44.     Paragraph 44 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

45.     Paragraph 45 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

46.     Paragraph 46 contains conclusions of law, Plaintiff's description of the theory of its case and/or legal argument, not allegations of fact, as to which no response is required and which Defendants otherwise deny to the extent deemed necessary.

The statement beginning with "WHEREFORE" on Page 10 of the Complaint constitutes Plaintiff's prayer for relief and does not contain allegations of fact requiring a response. Defendants otherwise deny the same to the extent deemed necessary. Defendants further deny all headings and section descriptions contained in the Complaint.

## GENERAL DENIAL

Except to the extent expressly admitted above, Defendants deny each and every allegation of the Complaint.

## DEFENSES

Defendants reserve their right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation. Defendants hereby assert the following Defenses in this case:

### *First Defense*

This action is one of multiple related actions involving coordinated FOIA requests submitted to Defendants by the American Civil Liberties Union and its affiliates. *See* Docket

No. 2:18-cv-00182-JDL.  One or more issues or claims in this action and other such actions may be precluded.

### Second Defense

This action is one of multiple related actions involving coordinated FOIA requests submitted to Defendants by the American Civil Liberties Union and its affiliates.  *See* Docket No. 2:18-cv-00182-JDL.  This action and other such actions may be barred by the first-filed or first-in-time rules.

### Third Defense

Plaintiff's requests may be subject to one or more applicable FOIA Exemptions pursuant to 5 U.S.C. § 552(b).

### Fourth Defense

Plaintiff's requests may be subject to one or more applicable FOIA Exclusions pursuant to 5 U.S.C. § 552(c).

### Fifth Defense

Plaintiff's requests that the Court declare that Defendants violated FOIA (*see* ECF No. 1 at 10) exceeds the jurisdiction conferred pursuant to 5 U.S.C. § 552(a)(4)(B) and/or impermissibly seeks an advisory opinion in contravention of Article III of the Constitution.

### Sixth Defense

To the extent Plaintiff seeks records from agencies that are not within the organizational structure of DHS and/or Maine State or local records, such records must be sought from those sources.

*Seventh Defense*

To the extent Plaintiff has failed to fully and timely exhaust its administrative remedies, such administrative exhaustion would be a prerequisite to this action.

WHEREFORE, Defendant requests pursuant to its Answer and Defenses that the Court dismiss the Complaint and enter Judgment for Defendant and grant any other such relief as the Court deems proper.


Dated: June 18, 2018                                     Respectfully submitted,
       Portland, Maine


                                                              HALSEY B. FRANK
                                                              United States Attorney


                                                              <u>/s/ Andrew K. Lizotte</u>
                                                              Andrew K. Lizotte
                                                              Assistant United States Attorney
                                                              U.S. Attorney's Office
                                                              100 Middle Street Plaza, East Tower
                                                              Portland, ME  04101
                                                              (207) 771-3246
                                                              Andrew.Lizotte@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on June 18, 2018, I electronically filed the foregoing using the CM/ECF system, which will send electronic notifications of such filing(s) to the following:

  Emma E. Bond, Esq.
  Zachary L. Heiden, Esq.
  AMERICAN CIVIL LIBERTIES UNION OF MAINE
  121 Middle St.
  Suite 200
  Portland, ME 04101
  (207) 774-5444
  ebond@aclumaine.org
  zheiden@aclumaine.org

              /s/ Andrew K. Lizotte
              Andrew K. Lizotte
              Assistant U.S. Attorney
              100 Middle Street
              East Tower, 6th Floor
              Portland, ME 04101
              (207) 771-3246
              Andrew.Lizotte@usdoj.gov