# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MAINE FOUNDATION, </br></br>    Plaintiff, </br></br>v. </br></br>U.S. DEPARTMENT OF HOMELAND SECURITY, and U.S. CUSTOMS AND BORDER PROTECTION, </br></br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 2:18-cv-00176-JDL |

## DECLARATION OF ROBERT M. LEWANDOWSKI

I, Robert M. Lewandowski, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am currently the Freedom of Information Act ("FOIA") Coordinator for the U.S. Border Patrol, a component agency of U.S. Customs and Border Protection ("CBP"). CBP is an agency within the U.S. Department of Homeland Security. My title is Special Assistant/Senior Advisor for the U.S. Border Patrol. I previously served as Chief of Staff for the U.S. Border Patrol.

2. CBP is the largest federal law enforcement agency, with enforcement responsibilities for over 400 Federal statutes, on behalf of over 40 different federal agencies. CBP's primary mission is to protect the borders of the United States against terrorists and the instruments of terror, enforce the customs and immigration laws of the United States, and foster our Nation's economy by facilitating lawful international trade and travel. CBP Officers protect America's borders at official ports of entry, while CBP's U.S. Border Patrol agents prevent illegal entry into the United States of people and contraband between the ports of entry.

3. This case concerns the U.S. Border Patrol's Houlton Sector, one of twenty U.S.

1

Border Patrol sectors.  The Houlton Sector anchors the country's northeast corner of the Canadian border and encompasses the entire State of Maine.  *See generally* U.S. Customs and Border Protection, "Houlton Sector Maine," https://www.cbp.gov/border-security/along-us-borders/border-patrol-sectors/houlton-sector-maine (last modified July 13, 2018).  The Houlton Sector's focus is patrolling the border area in between CBP Ports of Entry and conducting enforcement operations in furtherance of CBP's mission.  The Houlton Sector additionally provides local law enforcement support for the State of Maine.  The Houlton Sector's service area covers the entire State of Maine.

       4.       In my capacity as the FOIA Coordinator for U.S. Border Patrol, I am familiar with the FOIA requests made by the American Civil Liberties Union of Maine Foundation ("ACLU") in this lawsuit.  Specifically, the ACLU challenges redactions made by CBP to a handful of documents produced in this action.  The redactions challenged by the ACLU concern the following:

       a.       Exemption 7(E) redactions to pages 6, 7, and 10 of a document entitled, "Houlton Station Transportation Check and Checkpoint Refresher," also known as the "**Trans check Presentation**."  *See* Attachment 1, REDACTED Trans check Presentation.

       b.       Exemption 7(E) redactions to "G-481 Daily Unit Assignment Log Summaries," also known as the "**TCB Bangor 481s**," excluding the names of law enforcement personnel.  *See* Attachment 2, REDACTED TCB Bangor 481s.

       c.       Exemption 7(E) redactions to certain emails produced, also known as the "**Bangor TCB emails**."  *See* Attachment 3, REDACTED Bangor TCB

emails.

    d. Exemption 7(E) redactions to emails sent by CBP on January 13, 2018, concerning a "**Bus Check**." *See* Attachment 4, REDACTED FW_ Bus Check.

    e. Exemption 7(E) redactions to an email sent by CBP on January 25, 2018, concerning a "**Bangor Bus Check**." *See* Attachment 5, REDACTED Bangor Bus Check.

    f. Exemption 7(E) redactions to emails sent by CBP on June 5, 2018, concerning a "**Checkpoint**." *See* Attachment 6, REDACTED FW_ Checkpoint.

5. The creation and implementation of effective law enforcement policies and procedures is paramount to achieving the agency's mission of protecting our Nation's border from illegal immigration. The information at issue in this case is and was created for law enforcement purposes and its release could lead to disclosure of law enforcement techniques and procedures that could, in turn, reasonably be expected to risk circumvention of U.S. immigration laws and border enforcement.

6. For example, concerning the "**Trans check Presentation**" Exemption 7(E) redactions, the withheld information comprises agent instruction and guidance pursuant to agency policy, discussing mandatory tactics and techniques used during transportation checks. If made public, such information could potentially be used to circumvent the law and/or make agents' jobs more difficult.

7. It is critically important that the information comprising the "**TCB Bangor 481s**" Exemption 7(E) redactions remain withheld from public disclosure. Here, the ACLU seeks the

disclosure of such information covering staffing levels, shift hours, zone assignments, zone boundaries, and vehicle numbers. However, disclosing this information to the public would provide an outline of the Houlton Sector's enforcement capabilities and the number of agents patrolling certain sections at certain hours. This information is especially sensitive because it represents locations where U.S. Border Patrol is present and the areas of its concentrated patrolling and enforcement activities. Making this information publically available, whether in Houlton Sector alone, or nationwide, would give an advantage to those seeking to avoid encounters with U.S. Border Patrol; aid individuals who seek to cross the border illegally, or who seek to remain in the country illegally, to develop countermeasures to evade detection, inspection and examination; and reveal the locations of U.S. Border Patrol agents, which could put them in jeopardy due to individuals who would bring harm to the agents once they know where the agents are deployed. In sum, disclosure of the subject information would reveal the locations of the agency's primary enforcement zones, thereby facilitating possible identification of the best routes to penetrate the Houlton Sector's extensive border area. Once this information is public, those seeking to evade U.S. Border Patrol will have a greater chance of circumventing border protection efforts by avoiding such areas.

   8. The "**Bangor TCB emails**" Exemption 7(E) redactions withhold an operations order, which is an internal, law enforcement-sensitive document containing specifics of a U.S. Border Patrol operation, or other references to the when and where of the underlying transportation checks. If made public, this information could be used to circumvent the law and and/or avoid the checkpoints. More specifically, I understand that the ACLU challenges the following:

    a. The redactions at page 1 of the document (email dated Jan. 13, 2018 11:33

        PM, subject: "K9"). This withheld information in the line stating, "We are going to do a [(b)(7)(E)]," comprises redactions of which scheduled shift was responsible for certain activities related to the operation. Disclosing this information to the public would provide an outline of the Houlton Sector's enforcement capabilities and when and where agents patrol certain areas at certain hours. Such information could be used to circumvent the law and further creates concerns for agents' safety in the field.

b.    The redactions at page 3 of the document (email dated Nov. 19, 2017 5:18 PM, subject: "RE: bus check"). This withheld information in the first two lines of the November 19, 2017 9:34 PM email stating, "if there are enough [(b)(7)(E)] agents, there is a bus that leaves Greyhound (Dysarts) at 5:20. However, the [(b)(7)(E)] said that sometimes it doesn't come up if there weren't any tickets sold," comprises two redactions of which scheduled shift was responsible for certain activities related to the operation. Disclosing this information to the public would provide an outline of the Houlton Sector's enforcement capabilities and when and where agents patrol certain areas at certain hours. Such information could be used to circumvent the law and further creates concerns for agents' safety in the field.

c.    The redactions at page 6 of the document (emails dated Nov. 15, 2017, subjects: "Bangor Operations" and "RE: Bangor Operations"). This withheld information provides an outline of the Houlton Sector's

       enforcement capabilities and when and where agents patrol certain areas—including on a going-forward basis—which could be used to circumvent the law and further creates concerns for agents' safety in the field. Additionally, the withheld information in the November 15, 2017 1:48 PM email stating, "If we run into a situation that warrants a search [(b)(7)(E)]," comprises a redaction to a reference concerning a U.S. Border Patrol law enforcement database, which is used by the agency to conduct, organize, and manage its investigations and could therefore be used to circumvent U.S. immigration laws and border enforcement.

d.    The redactions at page 8 of the document (emails dated Nov. 15, 2017 3:56 PM and Nov. 15, 2017 1:24 PM, subjects: "[REDACTED]"). This withheld information covers sensitive information regarding the Houlton Sector's collection, maintenance, consideration, and utilization of intelligence information in furtherance of its law enforcement mandate. Numerous intelligence sources are identified by name. The release of such intelligence-related information risks of circumvention of the law.

e.    The redactions at page 10 of the document (email dated Nov. 15, 2017 5:32 PM, subject: "Bangor TCB"). This withheld information comprises redactions of the frequency with which the agency planned its operational bus checks in Bangor. Disclosing this information to the public would therefore provide an outline of the Houlton Sector's enforcement strategies. Such information could be used to circumvent the law and further creates concerns for agents' safety in the field.

    f.    The redactions at page 14 of the document (email dated Oct. 12, 2017 3:06 PM, subject: "[REDACTED]" and attachment redacted).  This withheld information covers sensitive information regarding the Houlton Sector's collection, maintenance, consideration, and utilization of intelligence information in furtherance of its law enforcement mandate.  The release of such intelligence-related information risks of circumvention of the law.

    g.    The redactions at page 15 of the document (email dated Oct. 12, 2017 3:09 PM, subject: "[REDACTED]" and attachment redacted).  This withheld information covers sensitive information regarding the Houlton Sector's collection, maintenance, consideration, and utilization of intelligence information in furtherance of its law enforcement mandate.  The release of such intelligence-related information risks of circumvention of the law. Additionally, the withheld attachment is the underlying "Operations Order" for operation "Penobscot Pulse," which is the foundational document setting forth every detail of the operation to management and agents, such as the techniques and procedures applicable to the checks, number of agents and canines involved, dates and times of operations, information from intelligence sources, and other information the agency regards as law enforcement sensitive.  Disclosing this information to the public would provide an outline of the Houlton Sector's enforcement capabilities and therefore could be used to circumvent the law and further creates concerns for agents' safety in the field.  If this operations order were made public, those seeking to evade U.S. Border Patrol will have a

>roadmap showing precisely how the agency plans and stages its operations in the Houlton Sector, which will directly result in there being a significantly greater chance of circumventing border protection efforts by avoiding such areas.

9. The "**Bus Check**" Exemption 7(E) redactions withhold the location and which scheduled shift was responsible for certain activities related to the operation. Disclosing this information to the public would provide an outline of the Houlton Sector's enforcement capabilities and when and where agents patrol certain areas at certain hours. Such information could be used to circumvent the law and further creates concerns for agents' safety in the field.

10. The "**Bangor Bus Check**" Exemption 7(E) redactions withhold the location and which scheduled shift was responsible for certain activities related to the operation, as well as other operations details concerning the frequency with which such operations were to occur. Disclosing this information to the public would provide an outline of the Houlton Sector's enforcement capabilities and when and where agents patrol certain areas. Such information could be used to circumvent the law and further creates concerns for agents' safety in the field.

11. The "**Checkpoint**" Exemption 7(E) redactions concern details such as when, where and how long a checkpoint operation will take place. For example, the withheld information in the first line of the June 5, 2018 10:25 PM email stating, "Will [(b)(7)(E)] need to take anything down the night before or is [(b)(7)(E)] going to handle all of that?," comprises two redactions of which scheduled shift was responsible for certain activities related to the operation. Likewise, the withheld information in the June 5, 2018 9:39 AM email comprises redacted information showing where, the number of shifts, and how long each shift extends. Disclosing this information to the public would provide an outline of the Houlton Sector's enforcement

capabilities and when and where agents patrol certain areas at certain hours. Such information could be used to circumvent the law and further creates concerns for agents' safety in the field.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   March 8, 2019

/s/ Robert M. Lewandowski[1]  
Robert M. Lewandowski  
FOIA Coordinator  
U.S. Border Patrol  
U.S. Customs and Border Protection  
U.S. Department of Homeland Security

---

[1]   A signed holographic copy is on file with the United States Attorney's Office and has been provided to counsel for Plaintiff.

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2019, I electronically filed the foregoing and all attachments using the CM/ECF system, which will send electronic notifications of such filing(s) to the following:

>Emma E. Bond, Esq.
>Zachary L. Heiden, Esq.
>AMERICAN CIVIL LIBERTIES UNION OF MAINE
>121 Middle St.
>Suite 200
>Portland, ME 04101
>(207) 774-5444
>ebond@aclumaine.org
>zheiden@aclumaine.org

>/s/ Andrew K. Lizotte
>Andrew K. Lizotte
>Assistant U.S. Attorney
>100 Middle Street
>East Tower, 6th Floor
>Portland, ME 04101
>(207) 771-3246
>Andrew.Lizotte@usdoj.gov